**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

REBECCA COOK,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 18-12042

Hon. Marianne O. Battani

**OPINION AND ORDER SUSTAINING DEFENDANT'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court are objections (Dkt. 17) filed by the Defendant Commissioner of Social Security to a June 24, 2019 Report and Recommendation ("R & R") issued by Magistrate Judge R. Steven Whalen (Dkt. 16). In the R & R, the Magistrate Judge recommends that the Court grant in part Plaintiff Rebecca Cook's motion for summary judgment (Dkt. 10), deny the Defendant Commissioner's motion for summary judgment (Dkt. 15), and remand this matter for further administrative proceedings so that the Administrative Law Judge ("ALJ") may revisit and clarify his findings under Step Three of the five-step framework for determining a claimant's entitlement to Social Security benefits. For the reasons discussed below, the Court **SUSTAINS** Defendant's objections and declines to adopt the Magistrate Judge's recommendations in the R & R. Instead, the Court determines that Plaintiff's motion for summary judgment should be

**DENIED,** Defendant's motion for summary judgment should be **GRANTED,** and the challenged decision of the Defendant Commissioner should be **AFFIRMED.**

## II. FACTUAL AND PROCEDURAL BACKGROUND

Neither party has objected to the Magistrate Judge's survey of the procedural history and background facts of this case regarding Plaintiff's application for supplemental security income benefits and the record in support of this application. Nor do they take issue with the Magistrate Judge's summary of the administrative proceedings and findings of the Administrative Law Judge on Plaintiff's claim for benefits. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir.

2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241 (internal quotation marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, in reviewing the Defendant Commissioner's resolution of Plaintiff's claim for benefits, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV.     ANALYSIS

In determining that this matter should be remanded for further administrative proceedings, the Magistrate Judge points to the ALJ's failure to consider, as part of his Step Three analysis, whether Plaintiff's severe physical impairments either (i) met the criteria of any listed impairment described in 20 C.F.R. Part 404, Subpart P, Appendix 1

(the "Listing of Impairments"), or (ii) medically equaled one of these listed impairments. Although the ALJ determined that Plaintiff's "mental impairments, considered singly and in combination, d[id] not meet or medically equal the criteria of [L]isting 12.04," he conducted no such analysis comparing Plaintiff's physical impairments to the criteria of any specific listing, but instead found more generally that these physical impairments did not meet the criteria of "any" impairment described in the Listing of Impairments. (Admin. Record at 15.) The Magistrate Judge recommends that this matter be remanded so that the ALJ may determine (i) whether Plaintiff's fibromyalgia, considered in isolation or in combination with her other impairments, medically equals an impairment in the Listing of Impairments, such as Listing 14.09D for inflammatory arthritis, (*see* R & R at 17-18), and (ii) whether Plaintiff's systemic lupus erythematosus meets or medically equals the criteria for Listing 14.02, (*see id.* at 18-19).

The Defendant Commissioner challenges this recommended remand on two grounds. First, Defendant observes that Plaintiff's underlying motion for summary judgment contested the ALJ's Step Three analysis on only one specific ground, faulting the ALJ for failing to consider whether Plaintiff's physical impairments met or medically equaled the criteria for Listing 1.04 concerning spinal disorders. (*See* Dkt. 10, Plaintiff's Motion for Summary Judgment, Br. in Support at 12-14.) Yet, the Magistrate Judge's analysis in the R & R is not confined to the sole listing (1.04) identified in Plaintiff's motion, but instead takes issue with the ALJ's failure to address two other listings (14.09D and 14.02) that are nowhere mentioned in Plaintiff's underlying motion. Next, even assuming it was appropriate for the Magistrate Judge to look beyond the single, narrow challenge advanced in Plaintiff's motion, Defendant argues that the evidence

4

identified in the R & R is insufficient to establish that Plaintiff's physical impairments meet or medically equal either of the two additional listings addressed by the Magistrate Judge. As discussed below, the Court agrees with the Defendant Commissioner on both points.

The Sixth Circuit has emphasized that "[t]he relevant Social Security regulations require the ALJ to find a claimant disabled if he meets a listing" in the Listing of Impairments. *Smith-Johnson v. Commissioner of Social Security,* No. 13-1696, 579 F. App'x 426, 432 (6th Cir. Sept. 8, 2014) (citations omitted). "Yet, neither the listings nor the Sixth Circuit require the ALJ to address every listing or to discuss listings that the applicant clearly does not meet." *Smith-Johnson,* 579 F. App'x at 432 (internal quotation marks and citations omitted). Rather, the ALJ must address a particular listing only if "the record raises a substantial question as to whether the claimant could qualify as disabled under [that] listing." 579 F. App'x at 432 (internal quotation marks and citations omitted). "Absent such evidence" that "reasonably could meet or equal every requirement" of a given listing, "the ALJ does not commit reversible error by failing to evaluate [that] listing" as part of a Step Three analysis. 579 F. App'x at 432-33.

In this case, the Magistrate Judge properly recognizes that an ALJ's failure to address a specific listing can be "harmless error," and thus would not warrant a remand, if the record lacks evidence sufficient to meet or equal each of the criteria of the listing at issue. (*See* R & R at 15.) Indeed, the Magistrate Judge expressly invokes this "harmless error" principle in the R & R, noting that the ALJ failed to address the specific listing identified in Plaintiff's underlying summary judgment motion (Listing 1.04), but nonetheless concluding that this failure "does not provide grounds for remand" because

5

the record lacks evidence to establish at least one of the criteria of this listing. (*Id.* at 16-17.) As for two other listings (14.02 and 14.09D) that the ALJ likewise failed to address in his Step Three inquiry, however, the Magistrate Judge reasons that these oversights cannot be deemed harmless errors that are cured by the ALJ's analysis at later steps in the evaluation process, where the record contains some evidence that, in the Magistrate Judge's view, might suffice to establish each of the criteria of these listings. (*See id.* at 17-19.)

As Defendant points out, the Magistrate Judge's approach impermissibly relieves Plaintiff of the burden of making any sort of threshold showing that her physical impairments might meet or medically equal a particular listing in the Listing of Impairments. The law is clear that Plaintiff has the burden of proof through each of the first four steps of the governing five-step sequential evaluation of her claim for benefits, including Step Three. *Walters v. Commissioner of Social Security,* 127 F.3d 525, 529 (6th Cir. 1997). To satisfy this Step Three burden, Plaintiff "must point to specific evidence that demonstrates [s]he reasonably could meet or equal every requirement of" a given listing in the Listing of Impairments. *Smith-Johnson,* 579 F. App'x at 432. Absent a plaintiff's "threshold showing of evidence supporting the listing" at issue, "the ALJ does not commit reversible error by failing to evaluate [this] listing at Step Three." 579 F. App'x at 433 & n.5. A claimant "must do more than show that the ALJ's decision leaves open the question whether [s]he meets" a particular listing, but must demonstrate in addition "that the open question is a *substantial* one that justifies a remand." *Sheeks v. Commissioner of Social Security,* No. 13-1711, 544 F. App'x 639, 641-42 (6th Cir. Nov. 20, 2013) (emphasis in original).

It is evident that Plaintiff has not met this burden here. Her underlying motion for summary judgment, after all, does not even mention the two listings cited by the Magistrate Judge as warranting a remand. Clearly, then, Plaintiff has not "point[ed] to specific evidence that demonstrates [s]he reasonably could meet or equal every requirement of" either of these two listings. *Smith-Johnson,* 579 F. App'x at 432. Instead, the Magistrate Judge has shouldered this burden on Plaintiff's behalf, surveying the record to uncover evidence that might enable Plaintiff to meet or medically equal the criteria of Listings 14.09D or 14.02. (*See* R & R at 17-19.) Under similar circumstances, where a claimant has failed to raise a substantial question as to whether he or she could qualify as disabled under a particular listing, the courts have found that a remand is not warranted, even if the ALJ failed to address this listing as part of a Step Three analysis. *See, e.g., Smith-Johnson,* 579 F. App'x at 433-36; *Sheeks,* 544 F. App'x at 642; *Bentley-Clearwood v. Berryhill,* No. 18-12270, 2019 WL 2577301, at *4 (E.D. Mich. June 3, 2019), *adopted by* 2019 WL 2566610 (E.D. Mich. June 21, 2019); *Davis v. Commissioner of Social Security,* No. 13-13319, 2015 WL 668035, at *2 (E.D. Mich. Feb. 17, 2015). The same outcome is called for here.

In any event, the Defendant Commissioner persuasively argues that the evidence identified in the Magistrate Judge's survey fails to raise a substantial question as to whether Plaintiff could meet or medically equal the criteria for either Listing 14.09D or Listing 14.02. Regarding the first of these listings, the Magistrate Judge observes that despite the ALJ's finding that Plaintiff suffers from the severe impairment of fibromyalgia, the ALJ did not proceed to apply Social Security Ruling ("SSR") 12-2p, 2012 WL 3104869 (July 25, 2012), which (among other things) explains how the

7

condition of fibromyalgia should be evaluated in a Step Three analysis. (*See* R & R at 18.) In particular, SSR 12-2p provides that although fibromyalgia is not included in the Listing of Impairments, it nonetheless is appropriate to determine whether a claimant's fibromyalgia "medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment." SSR 12-2p, 2012 WL 3104869, at *6. The Magistrate Judge correctly points out that the ALJ did not engage in this inquiry.

Yet, nowhere in the R & R — to say nothing of Plaintiff's underlying motion for summary judgment, which did not even raise this argument — is there any suggestion that the record would support a finding that Plaintiff's fibromyalgia medically equals Listing 14.09D (or any other listing), whether alone or in combination with other impairments. To the contrary, Defendant points out that Listing 14.09D requires "[r]epeated manifestations of inflammatory arthritis," as well as a "marked" limitation in activities of daily living, maintaining social functioning, or completing tasks in a timely manner. 20 C.F.R. Part 404, Subpart P, App. 1, § 14.09D. The ALJ noted that Plaintiff's "treatment with a rheumatologist has been very limited, with large gaps in treatment," (Admin. Record at 23), and Defendant correctly observes that the evidentiary record otherwise fails to indicate that Plaintiff suffered from "repeated" manifestations of inflammatory arthritis as this term is defined in the Listing of Impairments, (*see* Dkt. 17, Defendant's Objections at 6-7). Likewise, Defendant points out that "[n]o examining or reviewing physician who considered [Plaintiff's] physical impairments noted that she had marked limitations in any area." (*Id.* at 7.) Accordingly,

the Court agrees with Defendant that the record does not give rise to a substantial question as to whether Plaintiff's fibromyalgia could reasonably equal each criterion of Listing 14.09D.

Any possible appeal to Listing 14.02 would run afoul of similar evidentiary deficiencies. Under one set of criteria for this listing, a claimant must suffer from "[r]epeated manifestations" of systemic lupus erythematosus and a "marked" limitation in activities of daily living, maintaining social functioning, or completing tasks in a timely manner. 20 C.F.R. Part 404, Subpart P, App. 1, § 14.02(B). Again, however, Defendant points out that "[t]here are relatively few notations in the record regarding Plaintiff's lupus," including "only a couple of treatment notes . . . from [Plaintiff's rheumatologist] subsequent to 2015," (Defendant's Objections at 9), and this seemingly precludes a finding of "repeated" manifestations of this condition. In addition, the Court has already noted the absence of any finding by a medical professional that Plaintiff experienced "marked" limitations in any area as a result of her physical impairments.

Alternatively, Listing 14.02 may be satisfied through "[i]nvolvement of two or more organs/body systems," with one of these "organs/body systems involved to at least a moderate level of severity" and "[a]t least two . . . constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)." 20 C.F.R. Part 404, Subpart P, App. 1, § 14.02(A). In an apparent reference to these requirements, the Magistrate Judge notes that the record includes "evidence of gastrointestinal conditions," and that Plaintiff's gallbladder was removed in May of 2017. (R & R at 18.) As Defendant points out in response, however, the record reveals that after Plaintiff's gallbladder surgery, "testing showed that while Plaintiff had moderate gastritis, it was

9

inactive," and that "subsequent notations d[id] not show continuing problems with [Plaintiff's] gastrointestinal system." (Defendant's Objections at 9.) Moreover, while Plaintiff reported that she suffered from chronic fatigue, "she generally denied other symptoms such as fever, unstable mood, weakness, and weight loss." (*Id.* at 10.) Finally, Defendant observes that a state agency physician reviewed Plaintiff's medical records as of June 2016, including the treatment notes of Plaintiff's rheumatologist prior to that date, and specifically concluded that Plaintiff's condition did not meet the criteria of Listing 14.02. (*See* Admin. Record at 96-110.) This record cannot be viewed as raising a substantial question as to whether Plaintiff's lupus could meet the criteria of this listing, such that a remand would be appropriate in order for the ALJ to explore this issue.

## V. CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Defendant's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **SUSTAINS** Defendant's objections (Dkt. 17), and therefore declines to adopt the findings set forth in the Magistrate Judge's June 24, 2019 report and recommendation (Dkt. 16), to the extent that the Magistrate Judge recommends that this matter be remanded to the Defendant Commissioner for further administrative proceedings. Instead, for the reasons set forth above, the Court **DENIES** Plaintiff's motion for summary judgment (Dkt. 10), **GRANTS** Defendant's motion for summary

judgment (Dkt. 15), and **AFFIRMS** the challenged decision of the Defendant Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date: September 30, 2019	s/Marianne O. Battani  
　　　　　　　　　　　　　　　　　　　　MARIANNE O. BATTANI  
　　　　　　　　　　　　　　　　　　　　United States District Judge